# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 22-0029V

|  |  |
|---|---|
| MONICA REID,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: June 10, 2024 |

*Jessica Ann Wallace*, Siri & Glimstad LLP, Aventura, FL, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On January 10, 2022, Monica Reid filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered on November 24, 2020. Petition at 1. On January 11, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 35.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $46,893.69 (representing $46,340.10 in fees, plus $553.59 in costs). Petitioner's Application for Attorney's Fees and Costs, filed January 31, 2024 (ECF No. 40). In

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 39.

Respondent reacted to the motion on February 1, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3 (ECF No. 41). Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner requests hourly rates for attorneys performing work in this matter as follows:

|  | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|
| Jessica A. Wallace, Esq. | $241 | $275 | $285 | $300 |
| Daisy Mazoff, Esq. | $375 | $394 | $409 | $424 |
| Debra Gambella, Esq. | X | $375 | $389 | $403 |
| Gretchen Elgersman, P.A. | X | X | $228/$180 | X |

The requested rates from 2021-23 for Attorney Wallace are reasonable and consistent with prior determinations and will therefore be awarded herein. The rates requested for Attorneys Mazoff and Gambella, and P.A. Elgersman, however, require adjustment.

Attorney Mazoff was previously awarded the rate of $375 per hour, and Attorney Gambella the rate of $380 per hour, for all time billed in the 2022-23 timeframe, *less* than what is being requested herein. *See W.R., v. Sec'y of Health & Hum. Servs.,* No. 20-1401V, Slip Op, 60 (Fed. Cl. Spec. Mstr. Oct. 23, 2023). PA was awarded the rate of $174.00 per hour for work performed in 2022. *See Patko v. Sec'y of Health & Hum. Servs.,* No. 22-1059V, 2024 WL 1253808 (Fed. Cl. Spec. Mstr. Feb. 28, 2024).

Retroactive rate increases are not permitted in the Vaccine Program. *See*, e.g., *Ramirez* v. *Sec'y of Health & Hum. Servs.*, No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him"). I find no reason to deviate from these previously established rates, and therefore reduce the 2022-23 rates to be consistent with *W.R.* and *Patko.* Application of the foregoing reduces the amount of fees to be awarded herein by **$624.60**.[3]

But the requested 2024 rate increases are reasonable, given that Attorneys Wallace, Mazoff, and Gambella have not received an annual increase for the present year. (Program attorneys may always request reasonable rate increases for each for each new calendar year).

---

[3] This amount consists of: ($180 - $174 = $6 x 0.20 hrs) +($228 - $174 = $54) + ($389 - $375 = $14 x 0.90 hrs) + ($394 - $380 = $14 x 3.6 hrs) + ($409 - $380 = $29 x 15.60 hrs) = $624.60.

## ATTORNEY COSTS

Petitioner requests $553.59 in overall costs. ECF No. 40-1. This amount is comprised of the Court's filing fee and research. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$46,269.09 (representing $45,715.40 in fees plus $553.59 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jessica Wallace.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.